UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETI C. SCANLAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. MORALES, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00212 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Seti Scanlan ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 9, 2015.[1] He filed a First Amended Complaint on June 8, 2015. He names Psychiatric Technician R. Morales as Defendant.

**A.**　**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on February 23, 2015.

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at R. J. Donovan Correctional Facility in San Diego, California. He was housed at Kern Valley State Prison when and where the events giving rise to this action took place.

Plaintiff alleges the following. On February 3, 2014, Defendant Morales filled his diabetic insulin syringe with 40 units of regular ("fast-acting") insulin. Plaintiff was supposed to receive 40 units of Lantus ("long-acting") insulin instead. Plaintiff, not knowing the difference, injected the 40

units of regular insulin.  Approximately 30 minutes later the tower officer told Plaintiff to report to Morales.  Morales stated she made an error by giving him fast-acting insulin instead of long-acting insulin.  Plaintiff was then transferred to the correctional treatment center to stabilize his blood sugar.  Plaintiff states he was in danger of falling into a diabetic coma or dying.  Plaintiff's blood sugar was then stabilized.  Plaintiff was later informed by other psychiatric technicians that in the future Plaintiff should watch the preparation of his insulin so he could verify that the insulin was correct.

On March 9, 2014, Plaintiff was waiting for his insulin.  Defendant Morales prepared Plaintiff's first shot, but had her back turned to Plaintiff as she put the insulin into the syringe.  Plaintiff stated he wanted to see the label of the bottle to be sure it was Lantus.  Defendant responded that she would redo the insulin in his view so he would have no doubts but Plaintiff stated, "Nevermind, just show me the label."  Plaintiff saw that the label said "Lantus" so he injected the first shot.

After the first shot, Plaintiff was to take a second shot of regular insulin.  Prior to preparing the second shot, Plaintiff told Morales to draw up the insulin in his view so he could be assured that no errors would occur.  Morales then intentionally turned her back and drew up the insulin.  Plaintiff had no visual proof that the insulin was "regular" insulin so he refused to inject the second shot.

Plaintiff claims Defendant was negligent in violation of the Eighth and Fourteenth Amendments in giving him the wrong insulin on February 3, 2014.  He further claims Defendant violated his constitutional rights under the Eighth and Fourteenth Amendments for blocking his view when she drew Plaintiff's regular insulin shot.

Plaintiff requests compensatory damages in the amount of $70,000.00, and punitive damages in the amount of $50,000.00, against Defendant Morales.  He further requests injunctive relief ordering all state psychiatric technicians to draw insulin in plain view.

**C.    DISCUSSION**

    1.    Eighth Amendment – Deliberate Indifference to Medical Need

    *a.    Legal Standard*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

  *b.*  *Findings*

  Plaintiff's allegations do not support a claim for violation of the Eighth Amendment. First, as Plaintiff admits, his claim concerning Defendant Morales's administration of the wrong insulin amounts to negligence. However, negligence does not rise to the level of deliberate indifference to a serious medical need, and Plaintiff makes no showing that Defendant's actions constituted deliberate indifference. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Likewise, Plaintiff's claim concerning Defendant's act of filling the syringe out of Plaintiff's view does not present a cognizable claim. Defendant did not refuse to attend to Plaintiff's medical needs. His disagreement with Defendant's manner in providing medical care does not give rise to a [section] 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow, 681 F.3d at 987-88; Wilhelm,

4

680 F.3d at 1122-23.  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88.  Plaintiff fails to do so.  Accordingly, the Court finds that Plaintiff fails to state a claim for violation of the Eighth Amendment.  Plaintiff will be provided an opportunity to file an amended complaint to present a cognizable claim.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 21, 2016**                              /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE